**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC. a Delaware corporation; WYNDHAM VACATION RESORTS, INC., a Delaware corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION; an Oregon Corporation; SHELL VACATIONS, LLC, an Arizona limited liability company; SVC-WEST, LLC, a California limited liability company; SVC-AMERICANA, LLC, an Arizona limited liability company; and SVC- HAWAII, LLC, a Hawaii limited liability company, Plaintiffs, v. THE MONTGOMERY LAW FIRM, LLC, a Missouri limited liability company; MONTGOMERY & NEWCOMB, LLC, a Missouri limited liability company; M. SCOTT MONTGOMERY, ESQ., an individual; W. TODD NEWCOMB, ESQ., an individual; CLS, INC. d/b/a ATLAS VACATION REMEDIES and also d/b/a PRINCIPAL TRANSFER GROUP, a Missouri corporation; ATLAS VACATION REMEDIES, LLC, a Missouri limited liability company; PRINCIPAL TRANSFER GROUP, LLC, a Missouri limited liability company; DONNELLY SNELLEN, an individual; JASON LEVI HEMINGWAY, an individual; MUTUAL RELEASE CORPORATION a/k/a 417 MRC LLC, a Missouri limited liability company; DAN CHUDY, an individual; MATTHEW TUCKER, an individual; and CATALYST CONSULTING FIRM LLC, a Missouri limited liability company, Defendants. | **CIVIL ACTION NO.** <br><br> **6:18-cv-02121-RBD-LRH** <br><br><br> **DEFENDANT PTG'S MOTION TO SUBMIT LIVE TESTIMONY REGARDING WYNDHAM'S THIRD MOTION TO COMPEL** |

0

The parties have an uncompromising duty -- to all of the Courts that may ultimately be involved in adjudicating this case -- to present a complete and accurate Record.

Specifically, Wyndham (once again) accuses an opposing party of perjury[1], which renders live testimony appropriate, including an evaluation of the demeanor of the witness(es) while testifying in open court. Moreover, Wyndham has improperly raised new arguments in a Reply Brief, which also should be addressed.

## I.       **DUPLICATE Documents – in a Different Format – Need not be Produced.**

The proffered live testimony would show that:

(1) ALL of PTG's **original** client-based documents were created as paper documents; and
(2) these paper document **originals** were diligently kept as paper files; and
(3) thereafter, SOME of the paper **originals** had been scanned into the computer;

### *ERGO*,

(i) the computer could not contain anything that was not in the paper **originals**; hence,
(ii) anything in the computer would inherently be a mere **derivative-copy** of SOME of the paper files; and
(iii) under the Federal Rules, there is no obligation to produce (albeit incomplete) **duplicates** of the very same documents in a different format.

## II.      **A Privilege Log from Another Case is Irrelevant Here.**

Contrary to Wyndham's newly-raised arguments, the proposed live testimony would also show that the withholding of privileged documents in an **unrelated** Missouri case (*i.e.*, as filed by Diamond Resorts) has nothing to do with the **different** parties and **different** subject matter of this case – and, manifestly does not support Wyndham's misplaced allegations of perjury.

---

[1] *i.e.*, allegedly misrepresenting facts under oath. (Doc. 121, filed 6/4/2019, page 5).

Accordingly, Wyndham's new arguments should likewise be addressed and rebutted with live testimony. Specifically, this proffered evidence will show that PTG handles (i) the Wyndham files, and (ii) the Diamond Resorts files, in completely different ways – and, in particular, because Wyndham has a purported "timeshare transfer/exit program", and Diamond Resorts does not. Therefore, PTG keeps completely different sets (and formats) of documents for each.

## Conclusion

Wyndham has inappropriately raised new arguments in a Reply Brief, has materially distorted the Record, and has (once again) accused an opposing party of perjury – based upon untoward, uninformed and illogical inferences derived from a false set of manufactured "facts".

These matters should be directly addressed and soundly resolved. It is believed that the most efficient manner for the Court -- in its informed discretion -- to determine the veracity issue that Wyndham raises here is to conduct a Hearing involving the presentation of live testimony, and provide for suitable cross-examination, together with any questioning from the Bench that the Court may deem helpful in deciding the matter.

Respectfully submitted this 6th day of June, 2019,

**/s/ Robert M. Ward**
Robert M. Ward
(Admitted *Pro Haec Vice*)
3455 Peachtree Road NE, Floor 5
Atlanta, GA 30326
Telephone: (404) 606-6480
Facsimile: (404)606-6480
rward@bmwiplaw.com

Coleman W. Watson
The Plaza
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Telephone: (404) 474-0592
Facsimile: (404) 965-3750
coleman@watsonllp.com

*Attorneys for Some of the Defendant*

2

## CERTIFICATION UNDER LOCAL RULE 3.01(g)

The parties have duly conferred in regard to the subject matter of the present motion, but have been unable to reach agreement.

**/s/ Robert M. Ward**

*Attorney for Some of the Defendants*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was filed on the date set forth hereon electronically via CM/ECF in the United States District Court for the Middle District of Florida, with notice and copy of same being electronically served by the Court upon all counsel of record.

**/s/ Robert M. Ward**

*Attorney for Some of the Defendants*